## HAYNES *v.* KAY.

EASEMENTS—DEEDS—INJUNCTION—PROPOSED DRIVEWAY.

A bill to enjoin the obstruction of a driveway was properly dismissed where plaintiff was given a road to her cottage from the public highway of the character her deed called for, and under the record she had no interest

in the claimed driveway which had been merely proposed by defendant's grantor, but had never been opened or used as such.

Appeal from Calhoun; North (Walter H.), J. Submitted February 3, 1922. (Docket No. 57.) Decided October 2, 1922.

Bill by May D. Haynes against John D. Kay to enjoin the obstruction of a driveway. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Elmer N. Peters* and *Rosslyn L. Sowers,* for plaintiff.

*Emerson R. Boyles* (*R. R. McPeek,* of counsel), for defendant.

CLARK, J. Defendant's grantor owned a tract of land bordering on Duck lake, Calhoun county. Without platting he sold several small parcels to persons desiring to build summer cottages. Plaintiff's grantor purchased a parcel, 75 feet by 30 feet, the deed containing the following:

"Said Louie M. Hartung is to have cottage privileges from public highway to cottage in roads used for such purposes and also to the lake."

The deed to plaintiff contained a like provision. When selling the parcel defendant's grantor evidently had a plan of dividing the tract, which plan indicated a driveway 12 feet in width adjoining plaintiff's parcel on the south and extending somewhat easterly thereof. The driveway was not opened or used as such. Plaintiff had egress and ingress by crossing the claimed driveway diagonally near the southeast corner of her parcel. Later plaintiff extended her holding easterly by purchase of 45 feet. Defendant purchased the tract, except parcels sold and subject to prior conveyances. When purchasing defendant had

neither notice nor knowledge of the claimed driveway. He later made a plan of dividing the tract which gave plaintiff a road of the character stated in her deed, which road adjoined her land on the east. He proceeded to carry out his plan. He obstructed the claimed driveway. Decree was sought to enjoin further obstructing and for removal of obstruction thereon. The bill was dismissed. Plaintiff has appealed. In disposing of the case Judge North said correctly:

"I am of the opinion that under the record made in this case the court cannot find that the plaintiff is entitled to the right of driveway for which she contends either by reason of the provisions in the deeds by which she holds title to her parcels of land or by reason of said driveway having been used as such until it became an established driveway. Neither can the plaintiff be granted relief on the theory that the alleged driveway is a necessity. I am further of the opinion that her claim amounts to an alleged interest in the land and that the same has not been conveyed to her in such a way as to conform with the requirements of the statute of frauds."

Affirmed, with costs to defendant.

FELLOWS, C. J., and WIEST, McDONALD, SHARPE, MOORE, and STEERE, JJ., concurred. BIRD, J., did not sit.